# EXHBIT   "B"

# APPEARANCE AND DEMAND FOR

# DISCOVERY

## 60TH., JUDICIAL DISTRICT COURT, NOV., 10TH., 2008

# SCOTT A. GRABEL PLLC

STATE OF MICHIGAN

IN THE 60TH JUDICIAL DISTRICT FOR THE COUNTY OF MUSKEGON

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff,

**APPEARANCE, AND LEGAL DEMANDS, PROOF OF SERVICE**

vs

District Court Case No:08-105995FY

**CHILD ABUSIVE ACTIVITY**

ROGER DALE ROBERTS

**JUDGE:**

          Defendant.

_____/

*Scott A. Grabel (P53310)*
*Attorney for the Defendant*
*1345 Bridlewood Lane*
*(800)342-7896*
Muskegon County Prosecuting Attorney
County Building
990 Terrace
Muskegon, MI 49442
(231)724-6435

**TO: CLERK OF THE DISTRICT COURT AND
     PROSECUTING ATTORNEY**

     Please enter the Appearance of Scott A. Grabel (P53310) for and on behalf of the above-named Defendant. **Defendant waives arraignment** stands mute to the charges. Defendant herein demands that the prosecuting authority in this action produce all documents and other evidence pertaining to the stop, investigation, arrest, and postarrest activity of this incident, including all of the following:

    1. A speedy trial by jury; (Art 1, Sec 20, Mich Const of 1963).

    2. Copies of the Complaint and Warrant (Art 1, Sec. 20, Mich Const of 1963; MSA 28.968)and Information, including specific references to state laws or city ordinance provisions under which the Defendant stands charged.

    3. Copies within a reasonable time, pursuant to MCR 6.201, of all statements, admissions, confessions, remarks and/or gestures, whether written or oral, and signed or unsigned, allegedly made by the Defendant.

1

4. Copies of any civil infraction citations prepared in regards to this case.

5. Copies pursuant to MCR 6.201, of all written reports, including, but not limited to, the following:

A. All investigative and police reports, notes and summaries, accident reports, witness statements, copies of any photo line-ups, etc. People v Dellabonda, 256 Mich 486(1933);Bay County Prosecuting Attorney v Bay County District Judge, 109 Mich App 476 (1981).

B. Notes made by police officers that are to be used at trial, including notes on the back of any ticket.

C. Notice to the secretary of state regarding refusal, if applicable.

D. All recognition of rights forms and advice of rights forms, whether signed or un-signed.

E. Accident reports, if applicable.

F. All documents, test results, photographs, articles and physical evidence in regard to this case.

G. Any book, paper, document, photograph, or tangible objects or physical evidence intended to be offered into evidence or that relates to the testimony of any witness.

6. Names and addresses of all lay and expert witnesses, pursuant to MCR 6.201, including res gestae witnesses. People v Smith, 257 Mich 319.

A. Any written or recorded statement by a lay witness whom the prosecuting attorney intends to call at trial.

B. Any criminal record that the party intends to use at trial.

C. Any information known to the prosecuting attorney, pursuant to MCR 6.201 (B), such as:

1) Any exculpatory information or evidence known to the prosecuting attorney, including the names of any witnesses who heard or may have heard any statements or admissions made by Defendant of an exculpatory nature;

2) Any police report concerning the case;

3) Any written or recorded statement(s) by a co-defendant(s) or accomplice(s), even if that person(s) is not a prospective witness(es) at trial;

2

4) Any affidavit, warrant, and return pertaining to a search and seizure in connection with the case;

5) Any plea agreement, grant of immunity, or other agreement for testimony in connection with the case.

**8.** The Defendant demands that the prosecution endorse on the complaint and warrant and produce at the trial in this case all res gestae witnesses.

**9.** Notice pursuant to MCR 6.201 of the fact that the prosecution intends to and/or will impeach the Defendant by evidence of conviction of prior crimes or intends to and/or will introduce evidence of prior crimes of the Defendant.

**10.** The criminal arrests and convictions of any of persons the prosecution intends to call or may call as a witness at the trial of this case, pursuant to MCR 6.201.

**11.** Copies of all search warrants, affidavits in support thereof and returns thereof issued in connection with the investigation of this case, whether or not such warrants were ever executed, pursuant to MCR 6.201.

**12.** Names and addresses of all accomplices, aiders and abettors, pursuant to MCR 6.201.

**13.** The Defendant demands a pretrial conference, a formal hearing, if relevant; a preliminary examination, if relevant; and a jury trial.

**14.** All relevant information for proper preparation of defense, including any other information of an inculpatory nature that is not specifically enumerated here and that the prosecution intends to produce at trial. People v Walton, 71 Mich App 478 (1976).

**15.** Compliance with the Michigan Rules of Professional Conduct and Canons, including, but not limited to MRPC 3.4, MRPC 3.8, and MRPC 8.4.

**16.** It is to be understood that this request is continuing and the information and documentation furnished is expected to be timely furnished in order to allow defense counsel to properly prepare for any scheduled proceedings.

**17.** If all requested discovery information is not provided, it will be presumed that there will be no attempt to admit the provided items into evidence and it should be understood that the Defendant will oppose the admissibility of any testimony, physical or tangible evidence, statements, reports or any other evidence offered by the Prosecutor where the Prosecutor has failed to comply with these demands and/or the provisions of MCR 6.201.

This request is made to prepare for pretrial and trial and is made in the interests of justice and pursuant to applicable court rule, case law, and statute, and administrative rule.

3