# EXHBIT "C"

## SEE PRELIMINARY EXAMINATION
## 60TH., JUDICIAL DISTRICT COURT, DEC 19TH., 2008

FOR A CERTIFIED, TRUE, ACCURATE TRANSCRIPTION OF JUDGES OPINION ON THE CULPABILITY OF RICHARD & PATRICIA DECHENEY

```
                    STATE OF MICHIGAN

        IN THE 60TH DISTRICT COURT FOR THE COUNTY OF MUSKEGON

PEOPLE OF THE STATE OF MICHIGAN

v                                          D.C. 08-105995-FY

ROGER ROBERTS                              C.C. 08-057305-FH
_____/


                    PRELIMINARY EXAMINATION

           BEFORE THE HONORABLE RICHARD J. PASARELA
                      District Court Judge
              Muskegon, Michigan - December 19, 2008


APPEARANCES:

For the People:            MR. DALE J. HILSON P-57726
                           Senior Prosecuting Attorney
                           990 Terrace Street
                           Muskegon, MI 49442
                           (231) 724-6435


For the Defendant:         MR. SCOTT GRABEL P-35510
                           Attorney at Law
                           1345 Bridlewood Ln.
                           Williamston, MI 48895
                           (800) 342-7896




Transcribed by:            SALLY A. JOHNSON-MCGORAN CER 3460
Recorded by:               VALERIE WILLIAMS CER 6232
```

```
 1    statue and both of them tied to language that you pointed me
      to in the first place.  A person who knowingly allowed a child
      to engage.  There doesn't seem to be any exclusion in that for
      mom and dad.  Second proposition, relative to sub section 6,
 5    assuming for the purposes of argument that parental action can
 6    accomplish an emancipation, the legal question becomes can
 7    that action if it constitutes a crime be effective to
 8    emancipate the minor for purposes of participating in a crime?
 9              MR. GRABEL: Of course if the person is emancipated
10    then obviously it's not a crime.
11              THE COURT: No, no.  You haven't ---- you have not
12    shown me anything in this hearing that would suggest an
13    emancipation beyond the document you're pointing to.  If I
14    understand your argument correctly the entire thrust of the
15    emancipation affirmative defense under sub section 6 has to do
16    with a consent form signed by both the named alleged victim
17    and the victim ---- named alleged victim's parents.  My point
18    is it does not appear that I ---- that I can find, and I'd be
19    happy to look at it if anyone can point to it, that there's an
20    exemption in the statute from a person who da, da, da, da,
21    knowingly allowed for child sexual abusive activity.  There's
22    no exception in there for parents.
23              MR. GRABEL: I see.  Well, and I understand.
24              THE COURT: And what you've just put on the record
25    here and had elicited from this officer is that the parents
```

SALLY A. JOHNSON-MCGORAN CER 3460
OFFICIAL COURT RECORDER - 60th DISTRICT COURT

STATUTORY COPABILITY, EXHIBIT "11"(A), L.2-4, & 17-25.

consent to participation in X rated activity, punitively at least, potentially at least, that seems to create some culpability for parents. Now the next question is, if this is the only document that you're pointing to as an indication of emancipation of what would otherwise ---- who would otherwise be considered a minor under the age of 18, the legal question, relevant legal question would seem to be can parents by a criminal act emancipate the minor for participation in the same criminal act? Can I agree that you can forcibly rape my daughter? The answer is no.

MR. GRABEL: I think that's a different ----

THE COURT: No, it's not. The only difference is is that ---- is the name of the charge, not the idea that it's a crime.

MR. GRABEL: There's no affirmative defense under CSC 1 that you can sign away to be forcibly rape.

THE COURT: Okay. So are you going to argue to me that there is a mechanism by which you can sign away, as you put it, the ability to escape culpability for another type of felony?

MR. GRABEL: No, I guess --- I guess certainly consent is the defense in some felonies but understand something, are you suggesting that if the court legally emancipated Ms. Dechaney aren't they participating in a crime?

THE COURT: No, no, no. If ---- Well, first of all, a

```
 1                MR. GRABEL: Hear me out.
 2                THE COURT: If it walks like a duck, quacks like a
 3    duck ----
 4                MR. GRABEL: Well, let me ----
 5                THE COURT: ---- and looks like a duck ----
 6                MR. GRABEL: Well, let me ---- let me say ---- let me
 7    give you a statement that in my opinion is even more perverse.
 8    The sex here would be legal because she's over 16, but if he
 9    tapes it, felony.  So I mean that sounds per ---- that sounds
10    like the law is perverse, so perhaps in my opinion -----
11                THE COURT: I'm not trying to be the legislature
12    here.
13                MR. GRABEL: No, I know that.  I agree.
14                THE COURT: Okay.  And they made that determination
15    that they're two separate offenses here and as you pointed
16    out, the prosecutor correctly pointed out in the very
17    beginning of the hearing, we're not dealing with a rape case,
18    okay?  That ---- that the activity was memorialized in some
19    fashion, in this case video, and otherwise fits ---- fits the
20    gravamen of the fact of ---- makes it a stand alone separate
21    ---- separate offense.  You're pointing me to an exemption
22    from culpability based on sub section 6 drawing an objection
23    from the prosecution that it is now ---- it is irrelevant.
24    Now I initially made a ruling on that that it ---- that it was
25    relevant.  Now you've put the language in, in this consent
```

```
 1    form, that specifically says the parents are consenting to
 2    potentially having this child participate in X rated activity
 3    and it's ---- I gather from the four corners of that document
 4    it's X rated activity intended to be memorialized in some form
 5    of video or print form.  That seems to me to make the parents
 6    subject to culpability under the statute as people who would
 7    allow the ramification off of that and the ruling is that you
 8    ----- parents cannot by a criminal act emancipate a minor to
 9    participate in the very criminal act.
10            MR. GRABEL: And I appreciate the court's thoughtful
11    analysis.
12            THE COURT: Okay, so ---- I'll reconsider my ruling
13    on the relevancy ground. It is now irrelevant because ----
14            MR. GRABEL: Thank you, Your Honor.
15            THE COURT: ----- the parents are participating in a
16    crime.
17            MR. GRABEL: I appreciate the court's thoughtful
18    analysis on that. I really do.
19 BY MR. GRABEL:
20 Q  Officer, at this point after you, I guess left the, I guess
21    the gym facility to get these documents that we've discussed,
22    what did you then next do?
23 A  I went back to ---- after that I attempted to, I believe it
24    was my next duty day which was by this point it was close to
25    when I go off duty, I worked on the initial report and then
```

```
 1  STATE OF MICHIGAN
 2                    ss
 3  COUNTY OF MUSKEGON
 4      I, Sally A. Johnson-McGoran, do hereby certify that I am a
 5  Certified Court Recorder for the 60th District Court of
 6  Muskegon County, that the foregoing transcript of record is a
 7  full, true and correct copy of the proceedings had at the time
 8  and place and in the matter hereinbefore set forth, as
 9  transcribed by me.
10
11
12
13                              [signature]
14                              Sally A. Johnson-McGoran, CER 3460
15
16  DATE: January 14, 2009
```

**SALLY A. JOHNSON-MCGORAN CER 3460**
OFFICIAL COURT RECORDER - 60th th DISTRICT COURT
MUSKEGON, MICHIGAN