UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER DALE ROBERTS,            )
                               )
        Plaintiff,             )   Case No. 1:17-cv-141
                               )
v.                             )   Honorable Paul L. Maloney
                               )
CITY OF NORTON SHORES, et al., )
                               )
        Defendants.            )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought under 42 U.S.C. § 1983 by Roger Dale Roberts. (Complaint, 1-2, ECF No. 1, PageID.3-4). Plaintiff's complaint arises from events in 2008 which ultimately resulted in plaintiff being convicted of three counts of child sexually abusive activity, MCL 750.145c(2). *See People v. Roberts*, 808 N.W.2d 290, 294 (Mich. Ct. App. 2011). He was sentenced as "an habitual offender, fourth offence, MCL 769.12, to 7 to 22 years' imprisonment for each of the three convictions." *Id.* His convictions have never been overturned.[1]

---

[1] Plaintiff neglected to inform this Court that he filed a federal habeas corpus petition in the Eastern District of Michigan. *See Roberts v. Klee*, 2:12-cv-14673 (E.D. Mich.). On November 19, 2012, that case was administratively closed to allow plaintiff to return to state court and exhaust the grounds on which he claims entitlement to federal habeas corpus relief. The habeas case remains administratively closed.
    Plaintiff likewise neglected to inform this Court that the Muskegon County Circuit Court denied his motion for relief from judgment and that his delayed application for leave to appeal that decision is pending in the Michigan Court of Appeals. *See People v. Roberts*, Case No. 336066 (Mich. Ct. App.). Plaintiff cannot plead his way around the controlling factual findings and binding decisions of Michigan's courts.

Plaintiff was released from prison on parole on or about August 16, 2016.[2] On February 13, 2017, he filed this lawsuit. (Complaint, ECF No. 1). Plaintiff's complaint lists six defendants: Muskegon County Prosecutor Dale Hilson, Muskegon County Prosecutor's Office, City of Muskegon, Norton Shores Police Officer James Davis, Norton Shores Police Department, and the City of Norton Shores.  Plaintiff sues defendants Hilson and Davis in their individual capacities. (*Id.* at 2, PageID.4). Plaintiff seeks an award of damages. (*Id.* at 23-26, PageID.25-28).

For the reasons set forth below, I recommend that plaintiff's complaint be dismissed.

## Applicable Standards

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 8). Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Mohlman v. Deutsche Bank Nat'l Tr. Co.*, No. 16-cv-11365, 2017 WL 67459, at *1 (E.D. Mich. Jan. 6, 2017); *Wright v. Jackson*, No. 1:16-cv-2765, 2017 WL 65834, at *1 (N.D. Ohio Jan. 5, 2017).

---

[2]*See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=737491 (last visited FEb. 16, 2017).

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court should dismiss plaintiff's complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim and because plaintiff seeks damages against defendants immune from such relief.

I.      Factual Allegations

Plaintiff alleges that, on September 19, 2008, Norton Shores Police Officer James Davis entered his residence without authorization.[3] (Complaint at 3, 5-6, 11, PageID.5, 7-8, 13). He alleges that during a "probable cause" hearing on October 31, 2008, in 60th District Court, Officer Davis gave false testimony. (*Id.* at 3-4, 6-7, PageID.5-6, 8-9). Plaintiff states that Officer Davis was "employed by the Norton Shores Police Department, City of Norton Shores, a political subdivision of the County of Muskegon, in the state of Michigan." (*Id.* at 12, PageID.14).

Plaintiff alleges that Mr. Hilson is the prosecutor who filed the felony charges and the habitual offender notice that concluded with the jury's verdict finding him guilty of three counts of child sexually abusive activity and the court's imposition of a lengthy prison sentence. Plaintiff has numerous complaints about the prosecutor's actions during trial. For example, he alleges that the prosecutor "procured, incited, [and] condoned perjury during trial" from "the alleged victim." (*Id.* at 4 , 9, 20-23, PageID.6, 11, 22-25). He states that "the alleged facts presented/endorsed by the prosecution were misrepresented, incomplete, as knowing and complicit to further conceal/suppress exculpatory evidence of significance and favorable to the defense." (*Id.* at 22, PageID.24). He alleges that Prosecutor Hilson was a senior prosecuting

---

[3]Suffice it to say that Michigan's courts disagreed. They found that plaintiff consented to the entry of the police officers, that he was not in custody, never requested counsel, and that he voluntarily gave incriminating statements. There was no *Miranda* violation and no error in the admission of evidence. *See People v. Roberts*, 808 N.W.2d at 298-301.

attorney at the Muskegon County Prosecutor's Office, County of Muskegon.[4] (*Id.* at 4, 8, PageID.6, 10).

## Discussion

All plaintiff's claims are barred because they necessarily imply the invalidity of his criminal convictions.[5] Plaintiff's claims are not cognizable under § 1983 until after he has been *successful* in having his convictions overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Further, plaintiff's claims against defendant Davis are barred by witness immunity and plaintiff's claims against defendant Hilson are barred by prosecutorial immunity. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

---

[4]Although the City of Muskegon is listed in the caption of the complaint (*Id.* at 1, PageID.1) and it is mentioned a few times in the body of plaintiff's pleading (*Id.* at 2, 4, 8, 18, PageID.4, 6, 10, 20), plaintiff offers only a series of conclusions rather than specific factual allegations against this defendant.

[5]Plaintiff's complaint does not include a request that this Court exercise supplemental jurisdiction. (Complaint, "Statement of Jurisdiction" and Basis of Jurisdiction," ECF No. 1, PageID.2, 4). If plaintiff's pleading had included such a request, the Court should, in its discretion, decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

The Muskegon County Prosecutor's Office and the Norton Shores Police Department are not entitles capable of being sued. *See Howard v. Wayne County Sheriff's Office*, 417 F. App'x 465, 467-68 (6th Cir. 2011); *Spain v. St. Joseph County Jail*, No. 1:15-cv-205, 2016 WL 1296026, at * 2 (W.D. Mich. Feb. 11, 2016); *Cosgrove v. Corunna Police Dep't*, No. 2:15-cv-11418, 2015 WL 4243374, at * 2 (E.D. Mich. July 13, 2015) (collecting cases).

Plaintiff has not alleged facts sufficient to state a claim against the municipal defendants. *See Iqbal*, 556 U.S. at 678. Further, municipal liability may not be imposed on a *respondeat superior* theory. *See Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978). Absent an underlying constitutional violation, plaintiff's claims against the municipal defendants fail as well. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation."); *see also Katz v. Village of Beverly Hills*, No. 16-1574, __ F. App'x __, 2017 WL 360551, at * 5 (6th Cir. Jan. 25, 2017).

## Conclusion

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted and because plaintiff seeks damages from defendants immune from such relief.

Assuming the Court dismisses the complaint, it must decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). For the same reasons that I recommend dismissal of the complaint, I recommend that the Court certify that there is no good-faith basis for an appeal.

             Respectfully submitted,


Date:  February 22, 2017         /s/ Phillip J. Green
                PHILLIP J. GREEN
                United States Magistrate Judge


## NOTICE TO PARTIES

  Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).