UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER DALE ROBERTS,             )
              Plaintiff,    )
                            )    No. 1:17-cv-141
-v-                             )
                            )    Honorable Paul L. Maloney
CITY OF NORTON SHORES, et al.,  )
              Defendants.   )
                                )

## ORDER ADOPTING REPORT AND RECOMMENDATION
## and ORDER DISMISSING LAWSUIT

      Plaintiff Roger Roberts filed a complaint under 42 U.S.C. § 1983 in which he alleged multiple violations of his constitutional rights. Roberts was granted leave to proceed in forma pauperis. (ECF No. 8.) The magistrate judge then reviewed the complaint, as is required by federal statute. *See* 28 U.S.C. § 1915(e)(2).

      The magistrate judge issued a report recommending the complaint be dismissed because Roberts fails to state a claim for which this Court may grant relief and also because Roberts seeks damages from individuals who are immune from the claims alleged against them. (ECF No. 10.) Roberts filed objections. (ECF No. 11.)

      After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[ ] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

The magistrate judge concluded that Roberts' claims must be dismissed because of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although Roberts objects to the application of *Heck*, Roberts did not object to the factual findings which provide the basis for applying *Heck*. Specifically, the magistrate judge concluded that the claims in the complaint arise from events that occurred in 2008 and which ultimately resulted in his conviction on three counts of child sexually abusive activity. Those convictions have not been overturned. In order for this Court to grant Roberts the relief he requests, this Court would necessarily have to make factual and legal conclusions that would render his conviction or sentence in the state courts invalid. And the holding in *Heck*, 512 U.S. at 486-87, prevents this Court from doing so. In order to proceed on his claims, *Heck* requires Roberts to first show that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 487. Here, Roberts acknowledges that his habeas petition is currently held in abeyance while the

state courts are reviewing his conviction. (Obj. at 2 PageID.88.) With this admission, Roberts is precluded from advancing the claims in this complaint.

With this conclusion, the Court need not consider any of the other justifications for dismissing the complaint or Roberts' objections to those justifications.

For this reason, the Court **ADOPTS**, as its Opinion, the portion of the R&R (ECF No. 10) that recommends dismissing the lawsuit on the basis of *Heck v. Humphrey*. And because the Court finds that *Heck* renders the claims in this complaint frivolous, the Court concludes any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Date:  March 10, 2017              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge